UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE SEALS,

      Petitioner,               Case No. 2:17-cv-13757
                                          Hon. George Caram Steeh
v.

WILLIS CHAPMAN,

      Respondent.
_____/

**ORDER GRANTING MOTION TO STAY AND HOLD
IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS [Dkt. 4]**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Wayne Seals was convicted in the Wayne Circuit Court of second degree murder, assault with intent to commit great bodily harm, and commission of a felony with a firearm. Petitioner's habeas application raises two claims: (1) Petitioner was denied the effective assistance of trial counsel, and (2) the prosecutor committed misconduct. Presently before the Court is Petitioner's motion to stay the petition (Dkt. 4) so that he can exhaust his state court remedies with respect to a sentencing claim he wishes to raise in this action that was not presented to the state courts on direct appeal.

## I. Background

Following Petitioner's 2013 convictions for the above offenses, he filed a direct appeal in the Michigan Court of Appeals, raising what now form his two habeas claims. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Seals*, No. 316474 (Mich. Ct. App. Nov. 13, 204).Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied the application on June 30, 2015. *People v. Seals*, No. 150765 (Mich. Sup. Ct. June 30, 2015).

Petitioner states that on March 29, 2016, he filed a motion for relief from judgment in the trial court raising a new claim, asserting that his Sixth Amendment jury trial rights were violated by the trial court at sentencing. According to Petitioner, the trial court granted the motion, and he resentenced Petitioner to 7½ to 15 years for his second-degree murder conviction. The prosecutor appealed this decision, and that appeal is still pending in the Michigan Court of Appeals.

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).

A federal district court has discretion to stay a petition raising unexhausted claims to allow a petitioner to present those claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In the pending case, Petitioner's unexhausted sentencing claim does not appear to be plainly meritless – as indeed the trial court granting him relief – and he does not appear to be engaged in dilatory litigation tactics. Petitioner notes that he filed his motion for relief from judgment on March 29, 2016, about nine months after the Michigan Supreme Court denied relief on direct appeal. Dismissal of this case while Petitioner completes exhaustion of his sentencing claim could therefore result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner completes exhaustion of his state remedies.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by McGinnis in exhausting his state court remedies, this Court will impose time limits within which he must proceed with his state court post-conviction proceedings. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This tolling is conditioned upon McGinnis diligently pursuing relief in

the state courts by continuing to pursue timely appeals in the state court of his motion for relief from judgment, and then returning to federal court within sixty (60) days of completing the exhaustion of his state post-conviction remedies. See *Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of state post-conviction review proceedings. This tolling is conditioned upon Petitioner timely appealing any adverse ruling by the Michigan Court of Appeals to the Michigan Supreme Court and then filing a motion to reopen his habeas petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state court post-conviction proceedings. Alternatively, should the decision of the trial court be upheld by the Michigan Court of Appeals, and should the prosecutor elect not to proceed to the Michigan Supreme Court, Petitioner must file a motion to re-open this case within sixty (60) days of the expiration of time for the prosecutor to appeal to the Michigan Supreme Court.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: January 3, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2018, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---