UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE SEALS,

       Petitioner,                        Case No. 2:17-cv-13757
                                            Hon. George Caram Steeh

v.

CHANDLER CHEEKS,[1]

       Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION TO STAY [ECF No. 26]**

The Court granted Petitioner's application for a writ of habeas corpus on May 25, 2021, ordering Respondent to release Petitioner from custody unless the state court conducts a new sentencing proceeding within 180 days. The Court denied habeas relief with respect to Petitioner's claims that sought a new trial. Both parties filed timely notices of appeal. Respondent asserts that Petitioner is not entitled to any relief, and Petitioner asserts that he is entitled to a new trial – not just resentencing.

Before the Court is Respondent's motion to stay, seeking to stay the 180-day period while it pursues its appeal in the Sixth Circuit. Petitioner

---

[1] The caption is amended to reflect the current Warden of Petitioner's correctional facility. *See* Rule 2(a), 28 U.S.C. § 2254; *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).

opposes a stay, asserting that he is entitled to the immediate reinstatement of the 7-to-15-year sentence that was subsequently reversed by the Michigan Court of Appeals. At the same time, Petitioner is pursuing an appeal that, if successful, would render the resentencing moot by virtue of the grant of a new trial.

The following factors are relevant to determining whether a habeas respondent is entitled to a stay of the conditional time-period on a grant of habeas relief:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

First, the Court considers Respondent's chance of prevailing on appeal. Respondent repeats in its motion its position that it was reasonable for the state court to reject Petitioner's IAAC claim for failing to raise a claim under *Alleyne v. United States*, 570 U.S. 99 (2013), when at the time of Petitioner's direct appeal, a published Michigan Court of Appeals case held that *Alleyne* did not apply to the Michigan sentencing scheme. As explained

in detail in the opinion granting habeas relief, the combination of *Robinson v. Woods*, 901 F.3d 710, 714 (6th Cir. 2018), and *Chase v. Macauley*, 971 F.3d 582 (6th Cir. 2020), dictate the result in this case. That said, Respondent makes a good-faith, intuitively appealing argument that leans on the favorable AEDPA standard.

Respondent also argues that the Court erred in granting a resentencing proceeding rather than a new appeal. Respondent correctly notes that conditioning habeas relief on a new appeal is the normal remedy for an IAAC claim. S*ee Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir. 2004). A district court, however, has wide discretion in choosing the appropriate remedy. *See* 28 U.S.C. § 2243; *Morrell v. Wardens*, __ F.4th __, 2021 U.S. App. LEXIS 26709, *10, 2021 WL 4006193 (6th Cir. Sep. 3, 2021). As explained in the opinion, under the unique facts of this case, the state trial court had already resentenced Petitioner based on his *Alleyne* claim only to be reversed by the Michigan Court of Appeals. This is not a case, as in *Mapes*, where the state courts never weighed-in on the claim that appellate counsel was found ineffective for failing to raise. The remedy granted by the Court essentially unwinds the unreasonable adjudication of Petitioner's IAAC claim by the state appellate court based on appellate counsel's

specific failure to raise a federal claim for which the trial court had already granted relief.

The Court adds to the mix the fact that Petitioner's appeal, if successful, would also undermine the basis for the grant. While the Court found Petitioner's claims seeking a new trial to be without merit, the Court granted a certificate of appealability as to his first claim. This increases the possibility of a reversal by the Sixth Circuit.

Therefore, the Court finds the first factor is a neutral one that neither supports nor undermines the request for a stay.

Second, the Court must determine whether Respondent will be irreparably injured absent a stay. Respondent states that it would be irreparably harmed if a stay is denied because it would be forced to conduct unnecessary resentencing proceedings, wasting time and resources. If the Court's decision is reversed, it is true that resentencing proceedings would have been wasted effort. The Court is not persuaded, however, that such a proceeding can fairly be characterized as resulting in *irreparable* injury, especially given the fact that the trial court already once resentenced Petitioner in light of *Alleyne*. This factor weighs in favor of denying a stay.

Third, the Court considers whether Petitioner would suffer a substantial injury if a stay is granted. Without a stay, Petitioner will still likely face the reimposition of a 7-to-15-year sentence on his murder conviction to be served consecutive to his 2-year sentence for the firearm offense. That is, even under the Court's grant of relief, Petitioner still faces a likely composite 17-year maximum sentence. The Court notes that Petitioner does not argue that if he is resentenced there is a substantial likelihood he will be released on parole while the cross-appeals are pending. The Court finds that Petitioner will not suffer a substantial injury if a stay is granted. This factor weighs in favor of granting a stay.

Fourth, the Court considers the public interest. The Court again notes that both sides appealed. If Respondent prevails on his arguments, no new sentencing proceeding will be required. But that will also be true if Petitioner prevails on his arguments because they seek a new trial – not just a new sentence. Given that neither party believes the Court correctly adjudicated the habeas petition, it seems anomalous to subject them to a new sentencing proceeding that neither believes constitutes the correct disposition of the case. This factor therefore weighs heavily in favor of granting a stay.

Because neither party establishes that they would be materially harmed by and a stay, and because both parties assert that a different disposition of the case is warranted from the one granted by the Court, the Court finds on balance in the interests of justice that a stay be granted.

Accordingly, the Court will grant respondent's motion for a stay pending appeal.

**SO ORDERED.**

Dated:  September 29, 2021

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 29, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk